# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

RONNIE MILES                                                                          PLAINTIFF

V.                                    3:10CV00053 WRW/JTR

HOWARD, et al.                                                                        DEFENDANTS

## ORDER

Plaintiff, Ronnie Miles, who is currently confined in the Craighead County Detention
Facility, has filed a *pro se*[1] § 1983 Complaint.  *See* docket entry #1.  For the following reasons, he
will be given thirty days to: (1) either pay the filing fee in full or file an Application to Proceed *In
Forma Pauperis*; and (2) file an Amended Complaint.

## I.  Filing Fee

The filing fee for commencing a § 1983 action in federal court is $350.  Plaintiff has neither
paid the filing fee nor filed an Application to Proceed *In Forma Pauperis*.  If Plaintiff wishes to
pursue this action, he must, within thirty days of the entry of this Order, either:  (1) pay the $350

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which
states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the
other parties to the proceedings of any change in his or her address, to monitor the progress of the
case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall
sign his/her pleadings and state his/her address, zip code, and telephone number. If any
communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the
case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be
familiar with and follow the Federal Rules of Civil Procedure."
Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not
proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the United States
that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which
relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

filing fee in full;[2] or (2) file a properly completed Application to Proceed *In Forma Pauperis,*[3] along

with a properly completed prisoner calculation sheet.[4]

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  The Court

must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally

frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Plaintiff's Complaint states, in its entirety and without *any* explanation, that Defendants

"beat and tazed me for no reason."  *See* docket entry #1 at 3.  The Court needs additional

information in order to complete the screening function mandated by § 1915A.  Accordingly,

Plaintiff shall file, within thirty days of the entry of this Order, an Amended Complaint clarifying:

(1) when and where he was tazed; (2) how each Defendant personally participated in the violation

---

[2]  Any such payment should clearly indicate that it is for payment of the filing fee in *"Miles v. Howard*, 3:10CV00053 WRW/JTR."

[3]  The Prison Litigation Reform Act provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[4] Plaintiff must sign the Application to Proceed *In Forma Pauperis.*  In contrast, the prisoner calculation sheet must be completed and signed by an authorized official at the incarcerating facility.

-2-

of Plaintiff's constitutional rights; (3) whether each Defendant  is a city police officer, county

deputy, or county jail employee; and (4) whether Plaintiff was being questioned, under arrest, a

detainee awaiting trial, or convicted prisoner when the alleged use of force occurred.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis,*

along with a prison calculation sheet.

2.      Plaintiff shall, **within thirty days of the entry of this Order**, either: (a) pay the $350

filing fee in full; or (b) file a properly completed Application to Proceed *In Forma Pauperis,* along

with a properly completed prisoner calculation sheet.

3.      Plaintiff shall file, **with thirty days of the entry of this Order,** an Amended

Complaint containing the information specified herein.

3.      Plaintiff is reminded that the failure to timely and properly comply with any portion

of this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule

5.5(c)(2).

Dated this 2nd day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE